The STATE of Ohio, Appellant,

v.

GLAZER et al., Appellees.

[Cite as *State v. Glazer* (1996), 111 Ohio App.3d 769.]

Court of Appeals of Ohio,
Fifth District, Tuscarawas County.

Nos. 95AP100100 to 95AP100102.

Decided June 19, 1996.

770

*David C. Hipp,* for appellant.

*Willard K. Hanner* and *Tarin S. Hale,* for appellees.

GWIN, Judge.

The state of Ohio appeals the three judgments of the Court of Common Pleas of Tuscarawas County, Ohio, dismissing the indictments brought against Kevin Casteel, Thomas Glazer, and David Glazer. This court has consolidated the cases for purposes of appeal, because they all deal with the same issues. The state assigns two errors to the trial court:

Assignment of Error Number One

"The trial court erred in dismissing indictments against defendants in drug trafficking cases, on the grounds of preindictment delay, where there was no evidence of prejudice to the defendants as a result of the delay in presenting their

cases to the grand jury, and where there was suggestion that the delay was caused by the state for purpose of gaining tactical advantage."

Assignment of Error Number Two

"The trial court erred in dismissing indictments against defendants on the basis of denial of speedy trial rights where the defendants have waived such rights."

The Tuscarawas County grand jury indicted the three appellees on December 1, 1994. Kevin Casteel was charged with two counts of trafficking in marijuana, Thomas Glazer was charged with three counts of trafficking in marijuana, and David Glazer was charged with two counts of trafficking in marijuana. All three entered pleas of not guilty to the indictments and waived trial by jury. On September 7, 1995, the two Glazers were tried to the bench, and the court took the matter under advisement after both sides rested. On September 26, 1995, Casteel's case came on for trial, but Casteel filed a motion for dismissal on double jeopardy grounds, statutory speedy trial violations, and due process violations. The trial court dismissed Casteel's case, citing due process violations. Thereafter, the court also dismissed the indictments against the Glazers, for the same reason.

The due process issue involved a question of preindictment delay. The Tuscarawas County Sheriff's Department began to investigate the appellees in 1991, and eventually made a controlled drug buy in November 1991. All of the meetings and transactions between the agents and the appellees were tape recorded. Subsequently, appellee Casteel was arrested in Tuscarawas County for drug sales allegedly made in Guernsey County but unrelated to the sales in this case.

At that point, Tuscarawas County deputies became involved in the investigation of the Thomas Dillon multicounty serial murder case, and because of the caseload demand, nothing further was done on appellees' case. In July 1993 the sheriff reported the transactions to the prosecutor, who scheduled the matter for grand jury consideration. However, the matter was not taken to the grand jury until November 1994.

I

The trial court found that the appellees' constitutional rights to due process had been violated when the state allowed an inordinate and unreasonable delay between the investigation and the eventual grand jury indictment. The parties agree that approximately three years passed from the time of the last offense charged until the date the indictment came down.

As the state points out, there are two kinds of delays possible, preindictment and postindictment. Preindictment delay does not raise the issue of the

right to speedy trial, which attaches only after criminal charges are instituted. *United States v. Marion* (1971), 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468. Speedy trial issues include (1) undue and oppressive incarceration prior to trial, (2) anxiety and concern accompanying public accusation, and (3) the possibility that the long delay will impair the ability of the accused to defend himself. See *Smith v. Hooey* (1969), 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607. Preindictment delay does not affect these issues because the first two, incarceration and public accusation, do not arise, and the third is safeguarded by the statute of limitations. Only postindictment delay raises speedy trial issues.

■ Preindictment delays can affect due process rights in areas where speedy trial guarantees do not safeguard the accused. See *State v. Luck* (1984), 15 Ohio St.3d 150, 15 OBR 296, 472 N.E.2d 1097, following *United States v. Lovasco* (1977), 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752. In *State v. Luck, supra,* the Supreme Court held, at paragraph two of the syllabus:

"An unjustifiable delay between the commission of an offense and a defendant's indictment therefor, which results in actual prejudice to the defendant, is a violation of the right to due process of law under Section 16, Article I of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution."

■ The *Luck* case dealt with a fifteen-year delay between a murder and the commencement of prosecution. The *Luck* court cited *Lovasco,* for the proposition that the accused must prove actual prejudice, and that prejudice, standing alone, does not automatically result in a due process violation. The court must balance the prejudice suffered by the accused with the state's reason for the delay, *Luck* 15 Ohio St.3d at 154, 15 OBR at 299–300, 472 N.E.2d at 1102, citing *Lovasco,* 431 U.S. at 789–790, 97 S.Ct. at 2048–2049, 52 L.Ed.2d at 758–759. In *Luck,* the accused cited various factors that she claimed had resulted in actual prejudice, including the deaths of two key witnesses, the fading of memory, the changes in her appearance (making eyewitness identification less reliable), and the loss of tape-recorded interviews and other evidence originally compiled by investigating officers. In response, the state argued that it was a police error in judgment regarding whether to give the case to the prosecutor that had resulted in the fifteen-year delay. The Supreme Court held that a delay in the commencement of prosecution is unjustifiable when the state's reason for the delay is to intentionally gain a tactical advantage over the defendant or when the state through negligence or other error ceases to investigate the case but later, and without new evidence, decides to prosecute. The Supreme Court noted that the length of the delay would be a key factor in determining whether the delay was justifiable. *Id.* at 158, 15 OBR at 303–304, 472 N.E.2d at 1104–1105.

The state points that Casteel does not claim prejudice. In the Glazers' cases, not only was there no claim of prejudice, but their attorney affirmatively represented that no prejudice had occurred and did not move for dismissal on this basis. The state indicates that the tape recordings of the transactions have been preserved.

The trial court determined that the passage of three years established as a matter of law a violation of due process rights, thereby establishing prejudice against the appellees.

We find that the trial court erred in not conducting the balancing test set forth in *State v. Luck, supra*. The record does not support the trial court's determination of a constitutional violation.

The first assignment of error is sustained.

## II

The trial court cited as an additional reason for dismissing the indictments the question of speedy trial rights. The state points out that neither of the Glazers ever raised the issue of speedy trial, while Casteel's motion was filed well beyond the time prescribed by Crim.R. 12(C). Failure to raise those issues waived any error. See *State v. Dumas* (1990), 68 Ohio App.3d 174, 587 N.E.2d 932.

We find that the trial court erred in dismissing the indictments against the appellees on the basis of the denial of speedy trial rights because the appellees waived their rights.

The second assignment of error is sustained.

For the foregoing reasons, the judgments of the Court of Common Pleas of Tuscarawas County, Ohio, are reversed, and the causes are remanded to that court for further proceedings in accord with applicable law and consistent with this opinion.

*Judgments reversed*
*and causes remanded.*

WILLIAM B. HOFFMAN, P.J., and FARMER, J., concur.