DECISION AND JUDGMENT ENTRY
This is an appeal of a judgment of conviction on a jury verdict in the Lucas County Court of Common Pleas for three counts of abduction. Because we conclude that there are no evidentiary errors and the conviction was not against the manifest weight of the evidence, we affirm.
On September 23, 2001, Josh Norman met appellant, Tarrell Hicks, at a Toledo gas station. The two had worked together some months earlier. During conversation, Norman gave appellant his cell phone number. Later, appellant called Norman, offering him $20 for a ride to appellant's Perrysburg home.
Thomas Hart and Michael Bennett, Norman's friends, rode with Norman to meet appellant. After picking up appellant, the four went to a mobile home in Perrysburg that appellant indicated. Appellant asked Norman to wait while he went inside for the money. When appellant returned, he asked Norman to drive him to another friend's house to retrieve the money. According to trial testimony, appellant carried from his mobile home a white towel which may have concealed a gun. Appellant sat with Hart in the backseat. After Norman began driving, appellant shoved a handgun into Hart's neck and riffled through Hart's pockets. Before Norman and Bennett, who were sitting in the front seat, realized what had happened, appellant instructed them to empty their pockets as well. Appellant obtained Norman's cell phone and some cash. Appellant kept the gun pointed at one of the three throughout the encounter.
Appellant then instructed the three men to write down their addresses. According to Hart, he told appellant that his parents were out of town in an attempt to entice appellant to go to his home first, believing his mother was home and could help. The ploy apparently worked, as appellant directed Norman to drive to Hart's house in Lucas County. When Norman stopped the car, Hart ran from the car to his house and pounded on the front door while yelling for help. After opening the door, Hart's mother called police.
Outside the house, appellant directed Norman to drive away and return to Perrysburg. On a dark rural road near Perrysburg, appellant directed Norman to stop the car and instructed Bennett and Norman to get out of the car. When Norman saw appellant exit the car first, Norman drove away, leaving appellant on the roadside. Norman and Bennett both testified that they feared appellant might shoot as they escaped.
Meanwhile, police interviewed Hart and broadcast a description of Norman's car and the assailant. At 4:00 a.m. the same morning, police stopped a man riding a bicycle who fit the assailant's description. Appellant had Norman's cell phone when he was stopped. No other tangible evidence was recovered from either appellant or Norman's vehicle.
On January 4, 2002, the Lucas County Grand Jury indicted appellant for three counts of abduction, each with a firearm specification.
The matter proceeded to a jury trial at which each of the three victims identified appellant as the man who had abducted and robbed them at gunpoint. The state also presented a witness who was a mutual acquaintance of appellant and the three victims. This mutual acquaintance testified, without objection, that after the incident he received a call from a man whose voice he recognized as appellant's. According to the witness, appellant offered to let the three victims "beat him up" if they would drop the charges.
At the trial's conclusion, the jury found appellant guilty on three counts of abduction and the firearm specification. Following a pre-sentencing hearing, the trial court sentenced appellant to a term of incarceration of ten years and five months. From that judgment of conviction, appellant now brings this appeal. Appellant sets forth the following assignments of error:
"I. Admission of the contents of the telephone call testimony, even though a limiting instruction was given by the court, fatally harmed appellant."
"II. The court committed error by allowing the state to use evidence under evid. R. 404(b)."
"III. The verdict was supported neither by the weight nor the sufficiency of the evidence."
"IV. The errors in trial were cumulative, thereby leading to a wrongful verdict, in violation of the appellant's constitutional rights of due process."
 I.
In his first assignment, appellant argues that it was plain error to admit testimony of the content of a telephone call when the witness who received the call identified appellant as the caller only by his voice. The caller asked if the witness would convince the three victims to drop the charges in exchange for letting the victims "beat him up somewhere." Appellant did not object to the testimony's admission at trial.
When a defendant fails to object to the introduction of evidence at trial, error is normally deemed waived unless the introduction of such evidence constitutes plain error. State v.Williams (1977), 51 Ohio St.2d 112, paragraph one of the syllabus. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim R. 52(B).
For an evidentiary ruling to constitute reversible plain error there must be, first, an error, "a deviation from a legal rule."State v. Barnes (2002), 94 Ohio St.3d 21, 27. Second, the error must be "plain," meaning there "must be an `obvious' defect in the trial proceedings." Id. Third, the error must have affected "substantive rights," meaning "the trial court's error must have affected the outcome of the trial." Id. Finally, even if an error exists, the reviewing court is not obliged to correct it. Plain error, if it exists, should be noticed "with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus.
Appellant argues that testimony of the substance of the telephone call should not have been admitted when the caller did not identify himself because the hearsay exception in Evid. R. 901(B)(6) requires self-identification. Appellant's reliance on this rule is misplaced. Evid. R. 901(B)(5) allows voice identification by witness opinion "based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." Before testifying to the content of the telephone call, the witness testified that he had previously worked with appellant, had previously talked to appellant both in person and over the telephone, and received the call while working at appellant's former employer. Taken together, these circumstances provided ample basis for the trial court to admit the evidence under Evid. R. 901(B)(5). No plain error occurred, and appellant's first assignment of error is not well-taken.
 II.
In his second assignment of error, appellant insists that "other act" evidence was improperly admitted into evidence. Appellant does not specify which "other act" evidence he challenges. Appellant does not identify relevant portions of the record or argue how the trial court erred. This court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App. R. 12(A)(2). Accordingly, appellant's second assignment is not well-taken.
 III.
Appellant, in his third assignment of error, asserts that there was insufficient evidence to support his conviction and that the verdict was against the manifest weight of the evidence. Applying the "sufficiency of the evidence" standard, a reviewing court determines whether the evidence submitted is legally sufficient to support all elements of the offense charged. State v.Thompkins (1997), 78 Ohio St.3d 380, 386-387. Specifically, we must determine whether, "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
If legally sufficient evidence supports a conviction, a court may still find a conviction was against the manifest weight of the evidence. A conviction is against the manifest weight of the evidence when a greater amount of credible evidence supports acquittal. State v. Thompkins, supra at 387. Challenges to the weight of the evidence attack the credibility of the evidence presented. Id. To overturn a verdict as against the manifest weight, the jury must have "clearly lost its way and created such a miscarriage of justice" that the verdict must be reversed.State v. Martin (1983), 20 Ohio App.3d 172, 175.
Appellant argues that tangible evidence was scarce; for example, no gun was recovered. However, scarcity of tangible evidence is not alone reason to find the evidence legally insufficient. "Circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof. When the state relies on circumstantial evidence to prove an essential element of the offense charged, there is no need for such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction." State v. Jenks, (1991)61 Ohio St.3d 259, paragraph one of the syllabus.
The victims' testimony was sufficient direct evidence to allow a rational trier of fact finder to find all elements of abduction with a firearm specification beyond a reasonable doubt. State v.Murphy (1990), 49 Ohio St.3d 206, syllabus. Appellant notes two inconsistencies in the victims' testimony: victims had trouble remembering who wrote down their addresses, and only one of the three victims recalled seeing appellant carry a towel from his mobile home. Taken together and viewed in a light most favorable to the state, these two inconsistencies do not give rise to a greater amount of evidence supporting acquittal. State v.Thompkins, supra at 387. Thompkins also makes clear that a victim's testimony that the defendant had a gun, through his actions implicitly threatened to use it, and that the victim was in fear that the defendant would use it, is sufficient for a jury to find beyond a reasonable doubt that the defendant had a gun and that the gun was operable, as required by the firearm specification statutes. Id. at 384. Therefore, this assignment of error is not well-taken.
 IV.
Appellant contends in his fourth assignment of error that cumulative errors deprived him of Due Process. Although one or more particular errors may not be prejudicial, the cumulative effect of the errors may deprive a defendant of his right to a fair trial in violation of Due Process. State v. DeMarco
(1987), 31 Ohio St.3d 191, paragraph two of the syllabus. "However, in order even to consider whether `cumulative' error is present, we would first have to find that multiple errors were committed in this case." State v. Madrigal (2000),87 Ohio St.3d 378, 398. Since we find no error in these proceedings, appellant's fourth assignment of error is not well-taken.
Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
Judgment Affirmed.
Handwork, P.J., Knepper, J. and Singer, J., Judges, concur.