DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on the application of appellant, Tarrell Hicks, to reopen his appeal pursuant to App.R. 26(B). Appellee, state of Ohio, has filed a memorandum in opposition.
 {¶ 2} Appellant was convicted of three counts of abduction in the Lucas County Court of Common Pleas. We affirmed his conviction. State v. Hicks, 6th Dist. No. L-02-1119, 2004-Ohio-891. He now contends that he was denied effective assistance of appellate counsel.
 {¶ 3} Pursuant to App.R. 26(B)(2)(c), appellant sets forth two assignments of error that he contends were not considered on a complete record or were not considered at all because of appellate counsel's deficient performance:
 {¶ 4} "The court committed error by allowing the state to use evidence under Evid.R. 404(B)(3).
 {¶ 5} "The trial [sic] erred when it imposed consecutive terms of imprisonment, in violation of R.C. 2929.14(E)(4)."
 {¶ 6} To justify reopening an appeal, the appellant "bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal."State v. Spivey (1998), 84 Ohio St.3d 24,25. Strickland v. Washington (1984), 466 U.S. 668, sets forth the standard for judging ineffective-assistance claims: "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-688, Furthermore, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors,
 {¶ 7} the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 I. {¶ 8} As appellant properly notes, in his principal appeal we rejected the "other acts" assignment of error because his appellate counsel had failed to separately argue or identify the parts of the record supporting his assertion of error relating to Evid.R. 404(B). In his application to reopen, appellant submits excerpts of testimony of two witnesses who, arguably, assert that appellant robbed them at gunpoint during their abduction. Appellant implies that testimony of these robberies was "other acts" testimony which should have been excluded at trial. Appellant suggests that appellate counsel's failure to properly argue this point operated to his prejudice.
 {¶ 9} Evid.R. 404(B) provides:
 {¶ 10} "(B) Other crimes, wrongs or acts. Evidence of the other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 11} Evidence of other uncharged crimes, "* * * may be presented when `they are so blended or connected with the one on trial as that proof of one incidentally involves the other; or explains the circumstances thereof; or tends logically to prove any element of the crime charged'." State v. Roe (1989),41 Ohio St.3d 18, 23-24, quoting State v. Wilkinson (1980),64 Ohio St.2d 308, 317.
 {¶ 12} The testimony of the uncharged armed robberies which appellant contends should have been excluded pursuant to Evid.R. 404(B) are clearly blended or connected to the abductions for which appellant was tried and explains the circumstances of the abductions. As such, this testimony was admissible at trial and appellant was not prejudiced by appellate counsel's failure to properly address the issue on appeal. Accordingly, appellant's first assignment of error is without merit.
 II. {¶ 13} In his second assignment of error, appellant contends that he was denied effective assistance of appellate counsel because counsel failed to raise or address the trial court's imposition of consecutive sentences without sufficient support for such a sentence or making statutory findings mandated by R.C.2929.14(E).
 {¶ 14} To impose consecutive sentences, the court must properly find that the imposition of such sentences is necessary to protect the public, punish the offender and that such a sentence is not disproportionate to the seriousness of the offender's conduct. R.C. 2929.14(E)(4). The court must also find that the offender committed the offense while awaiting sentencing or under sanctions, as part of a course of conduct causing great or unusual harm or that the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public. R.C. 2929.14(E)(4) (a-c). The court must articulate its findings and reasoning at the sentencing hearing. State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus.
 {¶ 15} We have examined the transcript of the sentencing hearing in appellant's case. It appears that, at the least, the trial court failed to state its findings and articulate its reasons for imposing consecutive sentences. Failure to raise such an issue on appeal might well have been deficient performance on the part of appellate counsel and may well have operated to appellant's prejudice. Accordingly, we conclude that, pursuant toStrickland v. Washington, supra, appellant has raised a genuine issue as to whether he was denied effective assistance of counsel on appeal. So finding, pursuant to App.R. 26(B)(5), we grant appellant's application to reopen his appeal. Since it appears that appellant is indigent and not represented by counsel, we appoint Attorney Neil McElroy, Po Box 1073, Toledo, Ohio 43697 to represent him on his reopened appeal. App.R. 26(B)(6)(a).
 {¶ 16} On consideration whereof, this matter is reopened. The clerk of the court of appeals is ordered to refile the record within 20 days of the date of this decision and judgment entry, and appellant is granted leave to file his assignments of error and brief 30 days after the filing of the record. It is so ordered.
Appeal Reopened.
Handwork, P.J., Knepper, J., Singer, J., concur.