{¶ 1} In State v. Sanders, Cuyahoga County Court of Common Pleas Case No. CR-367847, applicant, Curtis Sanders, was convicted of kidnapping and two counts of rape. With respect to one of the rape counts on which he was convicted, Sanders was charged with rape by way of aiding and abetting. This court affirmed that judgment in State v. Sanders (Nov. 9, 2000), Cuyahoga App. No. 76620. The Supreme Court of Ohio denied Sanders's two motions for leave to file delayed appeal and dismissed his appeal. State v. Sanders, 102 Ohio St.3d 1444,2004-Ohio-2263, 808 N.E.2d 396, and 103 Ohio St.3d 1460,2004-Ohio-5056, 815 N.E.2d 677.
 {¶ 2} Sanders has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because his appellate counsel did not assign as error that the evidence at trial was insufficient as a matter of law to support his conviction. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 4} This court's decision affirming applicant's conviction was journalized on November 20, 2000. The application was filed on May 26, 2004, clearly in excess of the ninety-day limit. Sanders avers that: he has not been represented by legal counsel for four years and that he "can not read or write and he has a third grade education." Sanders Affidavit, par. 2. He argues, therefore, that he has demonstrated good cause for the untimely filing of his application for reopening.
 {¶ 5} "It is well-established that lack of counsel and ignorance of the law is not an excuse for the untimely filing of an application for reopening * * *." State v. King (May 9, 1991), Cuyahoga App. No. 58480, reopening disallowed (Feb. 11, 2002), Motion No. 28676, at 2. In State v. Robertson (Dec. 7, 1989), Cuyahoga App. No. 56330, reopening disallowed (Nov. 13, 1998), Motion No. 94405, at 3-4, quoted in State v. Turner
(Nov. 16, 1989), Cuyahoga App. No. 55960, reopening disallowed (Aug. 20, 2001), Motion No. 23221, at 3-4, this court rejected the applicant's assertion that his "minimal education" was sufficient to constitute good cause for the untimely filing of an application for reopening. Clearly, Sanders has not substantiated his claim that he had good cause for filing his application for reopening more than three years after this court entered judgment in his direct appeal. Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. As a consequence, applicant has not met the standard for reopening.
 {¶ 6} Sanders's request for reopening is also barred by res judicata. "The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally, State v. Perry (1967),10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204." Statev. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
 {¶ 7} Sanders filed two notices of appeal pro se to the Supreme Court of Ohio. As noted above, the Supreme Court denied his motions for leave to file a delayed appeal and dismissed the appeals. "Since the Supreme Court of Ohio dismissed [applicant's] appeal * * *, the doctrine of res judicata now bars any further review of the claim of ineffective assistance of counsel." Statev. Coleman (Feb. 15, 2001), Cuyahoga App. No. 77855, reopening disallowed (Mar. 15, 2002), Motion No. 33547, at 5. In light of the fact that we find that the circumstances of this case do not render the application of res judicata unjust, res judicata bars further consideration of Sanders's claim of ineffective assistance of appellate counsel.
 {¶ 8} Sanders's application contains an additional defect. An application for reopening shall contain all of the following:
"* * * (d) A sworn statement of the basis for the claim thatappellate counsel's representation was deficient with respect tothe assignments of error or arguments raised pursuant to division(B)(2)(c) of this rule and the manner in which the deficiencyprejudicially affected the outcome of the appeal, which mayinclude citations to applicable authorities and references to therecord * * *."
 {¶ 9} App.R. 26(B)(2)(d).
 {¶ 10} In his sworn statement, Sanders merely makes and repeats the conclusory averment that appellate counsel failed to assign as error on direct appeal that the evidence at trial was insufficient as a matter of law to support Sanders's conviction for rape by way of aiding and abetting. (Although Sanders avers that his kidnapping conviction was also based on aiding and abetting, the trial court instructed the jury on aiding and abetting only with respect to one of the rape charges. Tr. at 993-996, 999.) Sanders's conclusory averment does not articulate "the manner in which the [appellate counsel's] deficiency prejudicially affected the outcome of the appeal * * *." App.R. 26(B)(2)(d). As a consequence, we must hold that Sanders's failure to comply with App.R. 26(B)(2)(d) provides sufficient basis for denying his application for reopening.
 {¶ 11} We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998),84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant.
{¶ 12} "In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two prong analysis foundin Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess adefense request for reopening under App.R. 26(B)(5). [Applicant]must prove that his counsel were deficient for failing to raisethe issues he now presents, as well as showing that had hepresented those claims on appeal, there was a `reasonableprobability' that he would have been successful. Thus [applicant]bears the burden of establishing that there was a `genuine issue'as to whether he has a `colorable claim' of ineffectiveassistance of counsel on appeal."
 {¶ 13} Id. at 25. Applicant cannot satisfy either prong of the Strickland test. We must, therefore, deny the application on the merits.
 {¶ 14} On direct appeal, appellate counsel challenged the sufficiency of the evidence identifying Sanders. This court summarized the evidence corroborating Sander's identity and rejected appellate counsel's argument challenging the sufficiency of the identity evidence.
{¶ 15} "In this case, neither a "line-up" nor other "forensic"corroboration of the victim's testimony was necessary to proveappellant's identity as one of the perpetrators of the crimes.The victim described appellant as one of the men who had attackedher both to the nursepractitioner and to [police officer]Mitchell and consistently referred to him as the "uncle." Thevictim then accurately located appellant's house. Policeinvestigation revealed appellant's use of both the house and anickname similar to the victim's reference to him. [During theevening that these crimes occurred, one of Sanders'sco-defendants referred to him as "Unc."] The victim's descriptionof appellant's restraint of her and his sexual activities withher, moreover, was corroborated by the testimony of [William]Kimbrough, Jr. Finally, the victim identified appellant at trialas one of her attackers."
 {¶ 16} "From the foregoing, a rational factfinder could findappellant guilty of the offenses of kidnapping and rape. Statev. Gingell (1982), 7 Ohio App. 3d 364, 455 N.E.2d 1066; Statev. Byarse, 1997 Ohio App. LEXIS 4015 (Sep. 4, 1997), CuyahogaApp. No. 70282, unreported."
 {¶ 17} State v. Sanders (Nov. 9, 2000), Cuyahoga App. No. 76620, at 10.
 {¶ 18} As noted above, although Sanders asserts that the evidence was insufficient to support a conviction for both kidnapping and rape by way of aiding and abetting, the trial court instructed the jury regarding aiding and abetting solely with regard to one of the rape charges. Our discussion will, therefore, be limited to the evidence substantiating Sanders's conviction for rape on that count.
 {¶ 19} Sanders complains that the evidence provided by Kimbrough, Jr. is insufficient to establish that Sanders aided and abetted rape. Yet, as is extensively described in this court's opinion on direct appeal, Kimbrough, Jr. not only watched through a porch window while Sanders fondled the victim — who was eleven years old — but Sanders ultimately told Kimbrough, Jr. to "take" her. Kimbrough, Jr. testified that, as had been the case on prior occasions with girls who came to Sanders's house, that it was understood that Kimbrough, Jr. could "go and make love to her or whatever * * *." Tr. 552. Kimbrough, Jr. testified that he raped the victim.
 {¶ 20} Given all of the testimony in this case, we cannot, therefore, conclude that appellate counsel was deficient or that Sanders was prejudiced by the absence of an assignment of error on direct appeal asserting that the evidence was insufficient as a matter of law to support Sanders's conviction for rape by way of aiding and abetting. Accordingly, the application for reopening is denied.
Kilbane, J., not participating Karpinski, J., concurs