OPINION AND JOURNAL ENTRY
{¶ 1} Defendant-appellant Jeffrey D. Baker has filed an untimely application to reopen his appeal based upon ineffective assistance of appellate counsel. Due to a failure to establish good cause for his untimely filing, this application to reopen is dismissed.
 HISTORY {¶ 2} On March 25, 2003, Baker was convicted of rape for engaging in sexual conduct with his step-daughter when she was eleven years old and gross sexual imposition for engaging in sexual contact with this same step-daughter when she was eight years old. He was sentenced to eight years for rape to run consecutive to three years for gross sexual imposition.
 {¶ 3} In his direct appeal, appellant presented one assignment of error focusing on ineffective assistance of trial counsel. Within this assignment, appellant set forth multiple allegations of deficiencies by trial counsel. In a December 15, 2003 opinion and judgment entry, this court ruled against appellant, and upheld his conviction. State v.Baker, 7th Dist. No. 03CO24, 2003-Ohio-7008. Appellant filed the within application to reopen on December 21, 2004, more than one year after our appellate opinion.
 ARGUMENTS ANALYSIS {¶ 4} A criminal defendant may apply for reopening of his direct appeal based upon a claim of ineffective assistance of appellate counsel. App. R. 26(B)(1). The appellate court shall grant a timely application if there is a genuine issue as to whether the applicant was deprived of effective appellate assistance. App. R. 26(B)(5). However, in order to be considered timely, the application must be filed within ninety days of the appellate decision unless the applicant shows good cause for a later filing. App. R. 26(B)(1) and (2)(b).
 {¶ 5} An evaluation of good cause often begins by noting the degree of untimeliness in relation to the reasons. See, e.g., State v. King (Oct. 1, 2002 J.E.), 7th Dist. No. 00JE15. Here, appellant's new counsel informed him that although the application would be late, they should at least try to file it within one year from our appellate decision. However, this application was not filed until more than one year after our appellate opinion.
 {¶ 6} In support of his allegations of good cause for an untimely filing, appellant submitted the affidavits of himself, his friend, and his new counsel. Appellant stated that his appellate counsel failed to respond to his requests for his transcripts between late 2003 and March 15, 2004. His friend finally obtained the transcripts for him at that time. He states that within one month of receiving the transcripts, another inmate referred him to his new counsel, whom he began to contact through mail and through his friend.
 {¶ 7} According to new counsel's affidavit, he received the transcripts and prior brief from appellant's friend in June 2004. Then, on July 12, 2004, appellant retained him for purposes of investigating the case and determining the best legal avenue for relief. Counsel states that he left seven unreturned messages for prior appellate counsel in a two-week period.
 {¶ 8} On August 30, 2004, new counsel wrote a letter to appellant explaining that an application to reopen was the best avenue for legal relief. Yet, counsel was not retained for the purpose of filing the application to reopen until November 22, 2004. As aforementioned, counsel filed the application on December 21, 2004.
 {¶ 9} We note that appellant says he paid his original appellate attorneys $15,000 and he also paid for the service of his current counsel. Thus, he is not indigent. His appellate attorneys were different from his trial attorney. Moreover, we have no allegations that his prior attorneys were still representing him in a Supreme Court appeal for instance, as is often a factor in considering good cause. Appellant could have hired his current attorney immediately after our appellate decision or after he began having problems contacting and receiving transcripts from his original appellate attorneys.
 {¶ 10} Instead, he waited seven months from our decision and four months from his receipt of the transcript to officially retain counsel. Moreover, this retention was not for purposes of actually filing the reopening but was for "conduct[ing] an investigation for purposes of determining my best avenue of relief." The "investigation" was conducted, and appellant was advised that he should file for reopening. Still, he waited thirteen weeks to retain this attorney to file the reopening, which then took another month to file.
 {¶ 11} Even assuming only for the sake of argument that good cause existed at one time, it did not still exist on the date of his filing on December 21, 2004. See State v. Thompson, 7th Dist. No. 97JE40, 2003-Ohio-1607, at ¶ 9; King, J.E. (where we held that good cause is not present at a point in the future merely because it may have been present at a time in the past). State v. Fox (1998), 83 Ohio St.3d 514, 516. See, also, State v. Dennis (1999), 86 Ohio St.3d 201, 201-202 (upholding an appellate court decision finding that a good cause explanation does not justify an indefinite extension).
 {¶ 12} Finally, we note that the transcripts are the property of the court system. This court possessed the transcripts while deciding the appeal. Two days after this court released its decision in the direct appeal, the transcripts were returned to the Clerk of Courts in Columbiana County. Whether appellant is complaining about the official transcripts or a copy his attorneys made is unknown. If he is speaking of a copy, then he could have received the originals through the clerk of courts. If he is speaking of the originals, then he could have sought court-assistance in retrieving his transcripts upon his attorneys' failure to respond to his requests. Regardless, as aforementioned, he waited long after his receipt of the transcripts to file his application.
 CONCLUSION {¶ 13} Under the facts presented herein, appellant's claim that he could not receive his transcripts from his former attorneys until three months after our appellate decision does not establish good cause for filing an untimely application for reopening more than one year from our decision. As such, this application for reopening is dismissed as untimely.
 {¶ 14} Final order. Clerk to serve a copy on counsel of record and appellant pursuant to the Civil Rules.
Vukovich, J., concurs., Donofrio, J., concurs., DeGenaro, J., concurs.