DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court following our July 8, 2004 decision granting appellant, Tarrell Hick's, application for reopening pursuant to App.R. 26(B) based upon a claim of ineffective assistance of appellate counsel on direct appeal. For the reasons that follow, this court finds that appellant's appellate counsel was ineffective.
 {¶ 2} The facts that are relevant to the issues raised on this appeal are as follows. In 2002, appellant was convicted of three counts of abduction with a firearm specification. He was sentenced to prison for ten years and five months. This court affirmed his conviction on February 27, 2004. State v. Hicks, 6th Dist. No. L-02-1119, 2004-Ohio-891.
 {¶ 3} On May 28, 2004, appellant filed an application to reopen his appeal pursuant to App.R. 26(B) arguing that he received ineffective assistance of appellate counsel. Appellee, the state of Ohio, opposed appellant's application arguing that the application was untimely filed pursuant to App.R. 26(B)(1) which states in pertinent part that: "[A]n application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Appellee argued that because appellant's application was filed 91 days after the journalization of his appellate judgment, his application should be denied. Appellee also argued that no genuine issue existed as to whether or not appellant was denied ineffective appellate counsel. On July 8, 2004, this court granted appellant's application to reopen but limited our review to the issue of appellant's sentence.
 {¶ 4} On July 19, 2004, appellee filed a motion for reconsideration of this court's July 8 order once again arguing that appellant's application was untimely. In denying appellee's motion for reconsideration, this court stated:
 {¶ 5} "The time restraints provided in the rule are not jurisdictional. The court has the authority under both App.R. 26 and App.R. 14(B) to expand time for good cause shown. What is `good cause' is a flexible standard. What may satisfy the standard for a one day delay may be insufficient to excuse a one year delay."
 {¶ 6} On reopening, appellant now presents the following assignment of errors:
 {¶ 7} "I. Appellant received ineffective assistance of appellate counsel when his appellate counsel failed to raise or address the issue of the trial court's imposition of consecutive sentences without sufficient support for such a sentence or making the required statutory findings as delineated in R.C. 2929.14(E)(4).
 {¶ 8} "II. The trial court, when imposing Defendant-Appellant's sentence, failed to state its findings and articulate its reasons for imposing consecutive sentences in accordance with the strict and technical requirements of R.C. 2929.14(E)(4)."
 {¶ 9} Appellant's assignments of error will be addressed together. Trial courts "may not impose consecutive sentences for multiple offenses unless it `finds' three statutory factors." State v. Comer (2003),99 Ohio St.3d 463, 466, 2003-Ohio-4165, discussing R.C. 2929.14(E)(4). "First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Third, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c)." Id., internal citations omitted. The circumstances listed in R.C.2929.14(E)(4) provide:
 {¶ 10} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 11} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused [**9] by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 12} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(E)(4)."
 {¶ 13} In addition, R.C. 2929.19(B)(2), which governs sentencing hearings, provides:
 {¶ 14} "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 15} "* * *
 {¶ 16} "(c) If it imposes consecutive sentences under section 2929.14
of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 17} The Ohio Supreme Court has interpreted these sections to mean that a court ordering consecutive sentences must, at the sentencing hearing, make the findings required by R.C. 2929.14 and give its reasons for the findings. State v. Comer, supra. The court in Comer explained:
 {¶ 18} "While consecutive sentences are permissible under the law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences. These findings and reasons must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision." Id. at 477.
 {¶ 19} The trial court in this case made the following statements on the record to justify the consecutive sentences:
 {¶ 20} "[Y]ou heard the evidence against you. You heard the testimony of three individuals who were cross-examined and the serious nature of this offense. Whether you were on drugs at the time, which may have been the fact, I do not know that. But I know that Judge Wittenberg gave you an opportunity in August of 2001 to prove yourself on community control. He reserved a period of time of 18 months at that time for any violation. One month later, in September, you terrorized these three young men with a firearm. You had them driving from Lucas County to Wood County, back to Lucas County with the intent of potentially robbing their homes here in Lucas County. We heard these three men speaking and testifying. And I believe that their testimony was credible. I do not hear any genuine remorse from you. Whether you maintain your innocence, and you will have the right to appeal, we'll talk about that later, that will be something for another court to decide. However, whether you have served a prison term in the past, I'm finding that this matter was very serious because we had three separate victims here. I will agree that the three-year firearm specification merges, and so for the first part of the sentence there is three years to be served which is consecutive and mandatory to any other sentence. * * * For each of the counts then, a minimum term would demean the serious nature of the offense, and due to the fact of the three separate individuals, I'm ordering two years as to each count. I am going to run them in a consecutive manner as well as the violation of the community control being 17 months now imposed consecutive to the sentences here."
 {¶ 21} The transcript in this case reveals that the trial judge failed to find that the imposition of consecutive sentences was both (1) necessary either to protect the public from future crime or to punish the offender and (2) not disproportionate to the seriousness of the offender's conduct and the danger posed to the public by such offender. R.C. 2929.14(E)(4). In other words, the trial court failed to make two findings necessary to impose consecutive sentences. Accordingly, appellant's two assignments of error are found well-taken.
 {¶ 22} Appellee, in its response brief, spends a considerable amount of time arguing the issue of jurisdiction, stating that our reasoning is "— in a word- unfathomable." We remind appellee of our July 28, 2004 judgment entry in this case wherein we stated that the time restraints provided in App.R. 26 are not jurisdictional. Given that specific ruling, we find appellee's reasoning for raising this issue a third time — unfathomable.
 {¶ 23} Furthermore, appellee's application of Ali v. State,104 Ohio St.3d 328, 2004-Ohio-6592, to the facts in the instant case is flawed. Contrary to the assertions made in appellee's brief, the Comer
case is relevant to the issues raised by appellant.
 {¶ 24} Two years after he had exhausted his direct appeal remedies, Ali attempted to have his sentence modified based on the Supreme Court's ruling in Comer regarding consecutive sentences. The Court in Ali v.State held that once a conviction has become "final" because the defendant can no longer pursue any appellate remedy, any new case law cannot be applied retroactively even if it would be relevant to the facts of the case. In that Ali's case was "final" by the time the Comer case was decided, the court found that Ali was precluded from relying on the case to modify his sentence.
 {¶ 25} Citing State v. Evans (1972), 32 Ohio St.2d 185, 186, the Ali
court further held that new judicial rulings may be applied only to cases that are pending on the announcement date. A case is pending during the appellate process. Appellant's notice of appeal in Case No. L-02-1119 was filed on April 26, 2002. Appellant's brief was filed on January 21, 2003. The Comer case was decided by the Ohio Supreme Court on August 27, 2003. Appellee's brief was filed on September 12, 2003. This court decided appellant's direct appeal on February 27, 2004. Clearly, the final decision on appellant's case was pending at the time that theComer decision was rendered. A correct application of the Ali case allows appellant to retroactively apply the law set forth in the Comer.
 {¶ 26} Also unfathomable is appellee's argument that an attorney is relieved of the responsibility of reviewing her pending cases in light of newly announced decisions which might be applicable and to then decide, as a matter of strategy, not to pursue this new avenue for review, especially since, according to appellee, the most likely sentence upon remand would be the same. Finally, unfathomable is appellee's assertion that ineffective assistance of counsel should not be claimed because if the original appeal had been concluded by the time Comer had been announced, it could not be claimed. We must note again that appellee filed its brief almost eight months after appellant's brief was filed.
 {¶ 27} On consideration whereof, this court finds that substantial justice was not done the party complaining and the judgment of the Lucas County Court of Common Pleas is reversed and remanded to the trial court for resentencing in accordance with this decision and the applicable law. Court costs of this appeal are assessed to appellee pursuant to App.R. 24.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J., concur.