[Cite as *State v. McGee*, 2013-Ohio-1853.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 07 MA 137 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| GREGORY McGEE | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:        Appellant's Delayed Application for
                                                           Reopening of Appeal

JUDGMENT:                                      Leave to file Denied.
                                                           Application Dismissed.

APPEARANCES:

For Plaintiff-Appellee:                         Atty. Paul J. Gains
                                                           Mahoning County Prosecutor
                                                           Atty. Ralph M. Rivera
                                                           Assistant Prosecuting Attorney
                                                           21 West Boardman Street, 6th Floor
                                                           Youngstown, Ohio  44503

For Defendant-Appellant:                   Atty. Mark J. Miller
                                                           Shaw & Miller
                                                           555 City Park Avenue
                                                           Columbus, Ohio  43215

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated:  May 1, 2013

PER CURIAM.

{¶1} Appellant Gregory McGee has filed a delayed application to reopen his appeal. Appellant was convicted following a jury trial of murder, with a firearm specification, and of having a weapon while under a disability. He was sentenced on July 13, 2007, to 15 years to life in prison for murder, 3 years for the firearm specification, and 3 years for the weapons disability charge. He filed a direct appeal. We affirmed the conviction and sentence on December 4, 2009. On February 28, 2013, he filed this application to reopen. Appellant now argues that appellate counsel was ineffective for failing to raise a variety of speedy trial issues on appeal. Appellee has filed a memorandum in opposition to granting leave to file the delayed application to reopen.

{¶2} App.R. 26(B)(1) states:

A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

{¶3} The purpose of reopening an appeal under App.R. 26(B) is to allow a criminal defendant to establish ineffective assistance of appellate counsel as part of the direct appeal. The analysis found in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is used to determine whether a

defendant received ineffective assistance of appellate counsel. *See State v. Sheppard*, 91 Ohio St.3d 329, 330, 744 N.E.2d 770 (2001); *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998). In order to show ineffective assistance, Appellant must prove both that his appellate counsel was deficient for failing to raise the issues he now presents and that he was prejudiced by this failure. Appellant must show that there was a reasonable probability of success on appeal had counsel presented those claims. *Sheppard* at 330. Moreover, Appellant "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *Spivey* at 25.

{¶4} Appellant was required to file his App.R. 26(B) application for reopening within 90 days of the journalization of our judgment entry. "Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved." *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶7.

{¶5} Appellant did not timely file his application to reopen. Instead, he filed the application on February 28, 2013, almost three years past the deadline set by App.R. 26(B)(1).

{¶6} If an application for reopening is not filed within the 90-day period set forth in App.R. 26(B)(1), an appellant must make a showing of good cause justifying the delay in filing. App.R. 26(B)(2) states, in pertinent part:

An application for reopening shall contain all of the following:

* * *

(b)  A showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.

**{¶7}**  We determine what constitutes "good cause" for accepting a late application to reopen using a flexible standard, often reviewing the degree of tardiness compared to the reasons given for late filing.  *State v. Baker*, 7th Dist. No. 03 CO 24, 2005-Ohio-565, ¶5 (one-year delay in filing the application to reopen was not allowed); *compare State v. Hicks*, 6th Dist. No. L-02-1119, 2005-Ohio-2947 (one-day delay in filing application to reopen was granted).

**{¶8}**  Appellant claims that he had good cause to file this application three years late because his speedy trial issue was complex.  Appellant states that he is not himself a lawyer and had no reason to dispute the advice of his counsel that there was no viable speedy trial issue, and that he only recently hired private counsel to investigate the issue.  These do not present sufficient reasons for allowing a delayed reopening of an appeal.

**{¶9}**  The fact that Appellant was untrained in the law does not establish good cause.  *State v. Dew*, 7th Dist. No. 08 MA 62, 2012-Ohio-434, ¶8; *State v. Ramirez*, 8th Dist. No. 78364, 2005-Ohio-378, ¶4.  "Ignorance of the law does not establish good cause to excuse an untimely filing application for relief under App.R. 26(B)."  *State v. Styblo*, 7th Dist. No. 07 BE 18, 2011-Ohio-2000, ¶6.  The additional fact that Appellant may have been partially deprived of legal research tools and

resources due to being incarcerated does not establish good cause for filing the application late.  *Dew* at ¶7-8.

**{¶10}** Appellant's claim that "he was unable to discover the trial errors because the trial was complex" likewise does not constitute good cause to reopen an appeal.  *State v. Witlicki*, 74 Ohio St.3d 237, 238, 658 N.E.2d 275 (1996).  The issues raised in this application do not appear to be overly complex.  Appellant asserts that there was a statutory speedy trial error, and this type of error involves simple math: adding up the days between arrest and trial and subtracting any tolling periods.

**{¶11}** Appellant also questions whether his counsel's waiver of his speedy trial rights is binding on him.  The answer is yes:  "A defendant's right to be brought to trial within the time limits expressed in R.C. 2945.71 may be waived by his counsel for reasons of trial preparation and the defendant is bound by the waiver even though the waiver is executed without his consent."  *State v. McBreen*, 54 Ohio St.2d 315, 376 N.E.2d 593 (1978), syllabus.  Once again, any questions dealing with the waiver of speedy trial rights have been part of the record and are not particularly complex.  Therefore, they do not constitute good cause to reopen the appeal.

**{¶12}** Appellant further contends that appellate counsel should have raised a speedy trial issue on appeal regarding events that occurred after his trial counsel filed a motion to dismiss based on speedy trial on November 28, 2006.  As stated earlier, the relevant information regarding this issue has been in the record and is not particularly complex.  In fact, this alleged error would likely have been deemed as waived on appeal for the very reason that trial counsel failed to file a second motion

to dismiss on speedy trial grounds. *See, e.g., State v. Trummer*, 114 Ohio App.3d 456, 470-471, 683 N.E.2d 392 (7th Dist.1996); *State v. Glazer*, 111 Ohio App.3d 769, 773, 677 N.E.2d 368 (5th Dist.1996). There was no reason for appellate counsel to attempt to assign as error this speedy trial issue because it would have been summarily overruled on appeal.

{¶13} Appellant's affidavit in support of his App.R. 26(B) application states that "[i]t took me several months to obtain the necessary funding" to hire additional counsel after his direct appeal ended. (McGee Aff., ¶18.) Appellant gives no explanation whatsoever as to why it took several years, rather than several months, to file the application for reopening. Even if Appellant had good cause for filing the late application at the time he hired new counsel, such good cause does not continue to exist months or years later. *See State v. Fox*, 83 Ohio St.3d 514, 516, 700 N.E.2d 1253 (1998).

{¶14} For all the aforementioned reasons, we find that Appellant did not establish good cause for the three-year delay in filing the application for reopening. Leave to file the delayed application is denied and the application is hereby dismissed.

Waite, J., concurs.

Donofrio, J., concurs.

Vukovich, J., concurs.