[Cite as *State v. Messenheimer*, 2024-Ohio-5017.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

TRAVIS MESSENHEIMER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0037**

---

Motion to Reopen

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor and *Atty. Edward A. Czopur*, Assistant Prosecutor, for Plaintiff-Appellee

*Travis Messenheimer*, *Pro se*, Defendant-Appellant.

Dated: October 9, 2024

**PER CURIAM.**

**{¶1}** On May 9, 2024, Appellant Travis Messenheimer filed a pro se application for reopening of his direct appeal in which we affirmed his conviction for rape and gross sexual imposition. A criminal defendant may apply for reopening of a direct appeal based on a claim of ineffective assistance of appellate counsel. App.R. 26(B)(1). It is insufficient for the applicant seeking reopening to merely allege that appellate counsel rendered ineffective assistance for failing to brief certain issues. Instead, the application must demonstrate that there is a "genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

**{¶2}** Pursuant to App.R. 26(B)(1), Appellant was required to file his application for reopening within 90 days of the journalization of our judgment entry. "Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved." *State v. Gumm*, 2004-Ohio-4755, ¶ 7.

**{¶3}** Our Opinion in this matter was filed and journalized on June 30, 2023. Appellant's application was filed nearly one year later. If the application for reopening is not filed within 90 days, the applicant must make a showing of good cause justifying the delay in filing. *State v. Dew*, 2012-Ohio-434, ¶ 6 (7th Dist.). Appellant does not address in any way his delay in filing the application. Therefore, the application must be denied.

**{¶4}** Even if the application was timely filed, it must be overruled. The issue that Appellant claims his appellate counsel failed to raise was that of ineffective assistance of trial counsel. However, this very issue was raised in Appellant's assignment of error in

the direct appeal.  Appellant simply seeks for us to take a further look at the question raised on direct appeal.  This is not the purpose of an application for reopening.

{¶5}    Additionally, Appellant filed an appeal of our decision to the Ohio Supreme Court and the appeal has been denied.  *State v. Messenheimer*, 2023-Ohio-3328.  Since the matter of ineffective assistance of trial counsel was litigated on appeal and further appeal was denied by the Ohio Supreme, the matter is res judicata and cannot again be reviewed under the guise of an untimely filed application for reopening.  *State v. Sanders*, 2004-Ohio-6846, ¶ 7 (8th Dist.).

{¶6}    Due to Appellant's untimely filing of the application for reopening, his failure to sufficiently raise any question of ineffective assistance of appellate counsel, and on the basis of res judicata, the application for reopening is denied.


 **JUDGE CHERYL L. WAITE**

 **JUDGE CAROL ANN ROBB**

 **JUDGE MARK A. HANNI**