[Cite as *State v. Washington*, 2025-Ohio-5206.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JARELL A. WASHINGTON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 22 MA 0128; 22 MA 0129**

---

Delayed Motion to Reopen

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor, for Plaintiff-Appellee

Jarell A. Washington, Pro se, Defendant-Appellant


Dated:  November 10, 2025

**PER CURIAM.**

**{¶1}** On August 5, 2025, Appellant Jarell A. Washington filed a pro se delayed application for reopening of his direct appeal in which we affirmed his conviction for possession of cocaine. A criminal defendant may apply for reopening of a direct appeal based on a claim of ineffective assistance of appellate counsel. App.R. 26(B)(1).

It is insufficient for the applicant seeking reopening to merely allege that appellate counsel rendered ineffective assistance for failing to brief certain issues. Instead, the application must demonstrate that there is a "genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal."

*State v. Messenheimer*, 2024-Ohio-5017, ¶ 1 (7th Dist.), quoting App.R. 26(B)(5).

**{¶2}** Pursuant to App.R. 26(B)(1), Appellant was required to file his application for reopening within 90 days of the journalization of our judgment entry in the direct appeal. "Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved." *State v. Gumm*, 2004-Ohio-4755, ¶ 7.

**{¶3}** Our Opinion in this matter was filed and journalized on December 20, 2023. Hence, Appellant's application was due on March 19, 2024. The application, however, was filed over sixteen months late. If an application for reopening is not filed within 90 days, the applicant must move for leave to file the delayed application and must make a showing of good cause in the application justifying the delay in filing. *State v. Dew*, 2012-

Case Nos. 22 MA 0128; 22 MA 0129

Ohio-434, ¶ 6 (7th Dist.); App.R. 26(B)(2)(b); *State v. Austin*, 2020-Ohio-26, ¶ 6 (8th Dist.). Appellant has filed a combined motion for leave and delayed application to reopen.

**{¶4}** Appellant's justification for filing the delayed application is his allegation of appellate counsel's ineffectiveness. The purpose of the App.R. 26(B) application is to argue ineffective assistance of appellate counsel. This argument is separate from a showing of good cause to justify a delay in filing the application, and cannot serve as support for good cause.

**{¶5}** Appellant also contends he was delayed in filing his application because he could not identify any legal errors to support the application until after the 90-day time period expired. In other words, as Appellant is representing himself in his application for reopening, it took him until August 5, 2025 to understand and articulate the legal arguments needed to support the application. "The fact that Appellant was untrained in the law does not establish good cause." *Dew* at ¶ 8. "Ignorance of the law does not establish good cause to excuse an untimely filing application for relief under App.R. 26(B)." *State v. Styblo*, 2011-Ohio-2000, ¶ 6 (7th Dist.). "Appellant's claim that 'he was unable to discover the trial errors because the trial was complex' likewise does not constitute good cause to reopen an appeal." *State v. McGee*, 2013-Ohio-1853, ¶ 10 (7th Dist.). Similarly, Appellant cannot argue that the appeal was complex and caused a delay in filing the App.R. 26(B) application.

**{¶6}** Appellant believes he has gained some legal insight through our decision affirming the trial court's denial of his petition for postconviction relief in this case. *State v. Washington*, 2025-Ohio-1774 (7th Dist.). While we determined that res judicata barred most of Appellant's claims regarding ineffective assistance of trial counsel raised in his

post-conviction petition, Appellant believes he should be permitted to raise them now by attacking the effectiveness of appellate counsel.

{¶7} Whether or not res judicata bars an issue raised in post-conviction proceedings has no relationship to a showing of good cause for delay in filing an application to reopen an appeal. The reason res judicata applied to Appellant's post-conviction petition is that he failed to produce evidence de hors the record to support his claims of ineffective assistance of trial counsel. *Id.* at ¶ 28. Appellant has apparently gleaned from our decision that ineffective assistance of trial counsel could have been raised on direct appeal. He would like to use his new awareness to justify his delay in filing the App.R. 26(B) application.

{¶8} As we have already stated, Appellant's lack of knowledge of the law pertaining to res judicata, or his misunderstanding about when issues of ineffective assistance of trial counsel may be raised, do not provide good cause for missing the 90-day deadline in which to file the App.R. 26(B) application. Also, the fact that appellate counsel did not raise ineffective assistance of trial counsel on direct appeal was known to Appellant the moment the appellate brief was filed, or at the latest, the day our opinion in his direct appeal was filed. Appellant could have raised this issue immediately in an App.R. 26(B) application to reopen. Appellant cannot rely on appellate counsel's discretionary choice not to raise such issues in a direct appeal as a reason for filing his App.R. 26(B) application sixteen months late. Such an argument generally fails in an application to reopen, because appellate counsel's strategic choices on how to raise and address arguments on appeal "are virtually unchallengeable." *State v. Petefish*, 2012-Ohio-2723, ¶ 4 (7th Dist.).

{¶9}   Appellant has not provided good cause to justify his untimely application to reopen his appeal.  Leave to file the delayed application is denied and the application is hereby dismissed.


**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**


## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**

<u>Case Nos. 22 MA 0128; 22 MA 0129</u>