OPINION *Page 2 
{¶ 1} This Court is re-opening appellant's case in order to consider the pro se motion filed by appellant Percell L. Ross to re-open his direct appeal pursuant to App. R. 26(B).
 {¶ 2} On March 3, 2008 this Court upheld appellant's convictions and sentences on one count of possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(b), a felony of the fourth degree, and one count of trafficking in cocaine in violation of R.C. 2925.03(A0(2)(C)(4)(c), a felony of the fourth degree. See, State v. Ross, Stark App. No. 2007-CA-00127, 2008-Ohio-882.
 {¶ 3} App. R. 26 (B) states:
 {¶ 4} (B) Application for reopening:
 {¶ 5} (1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing later.
 {¶ 6} (2) An application for reopening shall contain all of the following:
 {¶ 7} (a) The appellate case number in which re-opening is sought and the trial court case number or numbers from which the appeal was taken;
 {¶ 8} (b) A showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.
 {¶ 9} (c) One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by *Page 3 
any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation;
 {¶ 10} (d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B) (2) (c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record;
 {¶ 11} (e) Any parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies.
 {¶ 12} "The provisions of App. R. 26(B) were specifically designed to provide for a specialized type of post-conviction process. The rule was designed to offer defendants a separate collateral opportunity to raise ineffective-appellate-counsel claims beyond the opportunities that exist through traditional motions for reconsideration and discretionary appeals to our court or the Supreme Court of the United States."Morgan v. Eads, 104 Ohio St. 3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 8.
 {¶ 13} "App. R. 26(B) creates a special procedure for a thorough determination of a defendant's allegations of ineffective assistance of counsel. The rule creates a separate forum where persons with allegedly deficient appellate counsel can vindicate their rights. A substantive review of the claim is an essential part of a timely filed App. R. 26(B) application." State v. Davis (Sept. 18, 2008), Ohio Sup. Ct. No. 2007-0325, 2008-Ohio-4608 at ¶ 19-21; 26.
 {¶ 14} Our original judgment was filed on March 3, 2008, and appellant's application was filed September 15, 2008. Accordingly, appellant's application was not *Page 4 
timely filed within ninety (90) days of the journalization of our opinion in appellant's case.
 {¶ 15} Appellant claims to have had good cause for filing his application late because in the companion case, the United States District Court for the Northern District of Ohio has allowed his attorney to re-open a previously decided motion to suppress in Case No. 5:07 CR 86, 2007WL4572571. See, United States v. Ross (ND OH Dec. 26, 2007), No. 5:07 CR 86 — F.3d —, 2007 WL 4572571. In that case, the government indicted appellant, who had previous felony convictions, for possession of firearms in violation of 18 U.S.C. Section 922(g) (1).
 {¶ 16} We cannot agree with appellant's contention that this circumstance constitutes good cause for his delay in filing his application. In the federal case, appellant's motion to re-open was filed prior to a final disposition of the charges against him. Further, simply because the federal court re-opened the motion to suppress does not mean that the federal court will grant the motion. Finally, appellant has not presented any evidence or affidavits from the attorneys representing him at the federal level to substantiate that the issue in the federal suppression motion is related to the issues in the case at bar.
 {¶ 17} Even were we to consider appellant to have established good cause for the untimely filing, he would fair no better.
 {¶ 18} Appellant contends that his appellate counsel was ineffective because he failed to raise the issue addressed in United States v.Hensley, 469 U.S. 221, 105 S.Ct. 675. Specifically, appellant contends that without testimony from the police dispatchers *Page 5 
indicating that a burglary was in progress, the motion to suppress should have been granted.
 {¶ 19} In our decision overruling appellant's assignment of error relating to the trial court's overruling of his motion to suppress, we noted:
 {¶ 20} "A tip which standing alone would lack sufficient indicia of reliability may establish reasonable suspicion to make an investigatory stop if it is sufficiently corroborated through independent police work.Alabama v. White (1990), 496 U.S. 325.
 {¶ 21} "In this case, the caller provided the officers with specific identification of the race, and attire of a suspect. The caller was an eyewitness who lived near the address. This supports the suggestion that she was an eyewitness to what she believed to be criminal activity. The officers responded within moments of the dispatch. No other individuals were observed in the vicinity. It was not until later that the police discovered that the vice squad was executing a search warrant at the time and place of the reported burglary. [ST. at 38-39].' Id. at ¶ 26-27.
 {¶ 22} Further this Court held,
 {¶ 23} "In the case at bar, we find that an arrest did not occur at the moment that Sergeant Dittmore attempted to physically prevent appellant's escape. Instead, Sergeant Dittmore [sic] used a reasonable degree of force to make an investigatory stop.
 {¶ 24} "Furthermore, we find that appellant's efforts to flee, coupled with Sergeant Dittmore reasonable suspicion that appellant was involved in criminal activities, established probable cause to arrest appellant." Id. at ¶ 31-32. *Page 6 
 {¶ 25} Accordingly, Sergeant Dittmore had a reasonable suspicion that was based on a totality of the circumstances and was not simply based on the dispatcher's call. See, e.g. Illinois v. Wardlaw, (2000),528 U.S. 119, 124, 120 S.Ct. 673. See, also See Weaver v. Shadoan (6th Cir. 2003),340 F.3d 398, 409; United States v. Dotson (6th Cir. 1995), 49 F.3d 227,231.
 {¶ 26} We find that this issue raises "no genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal * * *"State v. Smith, 95 Ohio St. 3d 127, 766 N.E.2d 588, 2002-Ohio-1753.
 {¶ 27} For the foregoing reasons, appellant's motion to re-open his appeal is hereby DENIED.
 {¶ 28} IT IS SO ORDERED.
 Gwin, P.J., Farmer, J., and Wise, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby denied. Costs to appellant. *Page 1