[Cite as *State v. Styblo*, 2011-Ohio-2000.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 07 BE 18 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| KEITH ALAN STYBLO | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Delayed Application for Reopening

JUDGMENT:                                   Application Dismissed.

APPEARANCES:

For Plaintiff-Appellee:                     Atty. Christopher Berhalter
                                                    Belmont County Prosecutor
                                                    Atty. Daniel P. Fry
                                                    Assistant Prosecuting Attorney
                                                    147-A West Main Street
                                                    St. Clairsville, Ohio  43950

For Defendant-Appellant:                 Keith Styblo, Pro se
                                                    #547-493
                                                    Mansfield Correctional Institution
                                                    P.O. Box 788
                                                    Mansfield, Ohio  44901

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                                                    Dated:  April 21, 2011

PER CURIAM.

{1}    Appellant Keith Alan Styblo has filed a delayed application seeking to reopen his direct appeal pursuant to App.R. 26(B)(5), which states: "An application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal."  Appellant was tried, convicted and sentenced on three counts of rape and two counts of gross sexual imposition.  He then filed a timely direct appeal to this Court.  Appellant argued on appeal that the jury verdict was against the manifest weight of the evidence, that character witnesses should have been permitted to testify at trial, and that the victims' medical records should have been allowed as evidence.  We upheld the conviction and sentence, and no further appeal to the Ohio Supreme Court was taken.  *State v. Styblo*, 7th Dist. No. 07 BE 18, 2008-Ohio-4820.  Appellant now claims that his counsel on appeal failed to preserve an issue for federal review, failed to follow certain appellate rules regarding the brief filed on appeal, failed to argue that prosecutorial misconduct occurred, failed to argue ineffective assistance of trial counsel, and improperly challenged the manifest weight of the evidence.  For the following reasons, we find that Appellant's application for reopening was not filed within the time period allowed by App.R. 26, and we must  dismiss the application.

{2}    In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, the Ohio Supreme Court held that the two prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5).  The applicant must prove that his counsel was deficient for failing to raise the issues he

now presents. He must also show that had he presented those claims on appeal, there was a "reasonable probability" he would have been successful. *Reed* at 536.

{3} Before reaching the merits of the application, though, we must determine whether the application for reopening was filed within the time limits set by App.R. 26(B). App.R. 26(B)(1) states: "An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Appellant failed to meet this deadline. Our Opinion was journalized on September 18, 2008. The application for reopening was not filed until February 22, 2011. This was more than two years after the 90-day deadline expired. Appellant contends that he has good cause for filing the application for reopening so late. Appellant claims that he was delayed because his attorney did not send him a copy of our Opinion, because he did not see the Opinion until December 2008, and because someone in the prison told him he could not file any further challenges to his appeal because he waited too long to file a direct appeal with the Ohio Supreme Court.

{4} We note that Appellant has not filed any affidavits from his attorneys or from anyone within the prison confirming these alleged facts, and for this reason alone we may reject this application. It is up to Appellant to establish good cause by citing to parts of the record and providing us with supplemental affidavits. App.R. 26(B)(2)(e); *State v. Ross*, 5th Dist. No. 2007-CA-00127, 2008-Ohio-5578, ¶15.

**{5}** Appellant's argument for establishing good cause is based partly on a misunderstanding of the law. He blames his late application for reopening on his understanding that he could not file the application after he had missed the 45-day deadline for filing an appeal to the Ohio Supreme Court of our September 18, 2008, Opinion. Appellant is incorrect, because he could have filed a motion for delayed appeal to the Ohio Supreme Court beyond the usual 45-day deadline. S.Ct. Prac. R. 2.2(A)(4). However, It is immaterial whether Appellant was correct or incorrect about the deadline for filing an appeal to the Ohio Supreme Court because an application for reopening under App.R. 26 is collateral to the direct appeal and may be filed and considered before, during, or after the Ohio Supreme Court resolves the direct appeal. *State v. Tribble*, 7th Dist. No. 07 MA 205, 2010-Ohio-1108, ¶6. "The provisions of App.R. 26(B) were specifically designed to provide for a specialized type of postconviction process. The rule was designed to offer defendants a separate collateral opportunity to raise ineffective-appellate-counsel claims beyond the opportunities that exist through traditional motions for reconsideration and discretionary appeals to our court or the Supreme Court of the United States." *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶8.

**{6}** Appellant may not base his late filing on his alleged misunderstanding about the distinctions between a direct appeal to the Ohio Supreme Court and the filing of an application for reopening. Ignorance of the law does not establish good cause to excuse an untimely filing application for relief under App.R. 26(B). *State v. Reddick* (1995), 72 Ohio St.3d 88, 91, 647 N.E.2d 784.

**{7}** Appellant, like every other criminal defendant, was required to file his application for reopening within 90 days of the journalization of our judgment entry. "Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved." *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶7.

**{8}** Appellant did not file his application for reopening on time, and he has not shown good cause for the late filing. Therefore, we dismiss the application.

Waite, P.J., concurs.

Vukovich, P.J., concurs.

DeGenaro, J., concurs.