[Cite as *State v. Dew*, 2012-Ohio-434.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 08 MA 62 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| GREGORY DEW, | ) | JUDGMENT ENTRY |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Application for Reopening, Criminal
                                 Appeal from Common Pleas Court,
                                 Cases Nos. 07 CR 378 & 07 CR 1262.

JUDGMENT:                        Application Denied.

APPEARANCES:
For Plaintiff-Appellee:          Attorney Paul J. Gains
                                 Prosecuting Attorney
                                 Attorney Ralph M. Rivera
                                 Asst. Prosecuting Attorney
                                 21 W. Boardman Street, 6th Floor
                                 Youngstown, OH  44503

For Defendant-Appellant:         Gregory S. Dew, Pro-se
                                 #543-986
                                 Trumbull Correctional Institution
                                 P.O. Box 901
                                 Leavittsburg, OH  44430

JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich

Dated: January 31, 2012

PER CURIAM:

{¶1} Appellant Gregory Dew, pro-se, has filed an application to reopen his appeal based on a claim of ineffective assistance of appellate counsel. However, Dew's application is untimely, and we conclude that he has failed to demonstrate good cause. Accordingly, his application to reopen his appeal is denied.

{¶2} Dew was convicted of four counts of rape, two counts of gross sexual imposition, and one count of corruption of a minor on April 1, 2008, in the Mahoning County Court of Common Pleas, following a jury trial. The trial court sentenced him to an aggregate term of 43 years of imprisonment. On December 1, 2009, we reversed and vacated the trial court's judgment in part, holding that one count of gross sexual imposition and one count of rape were not supported by sufficient evidence because the State failed to set forth evidence of "force or threat of force." We upheld the remainder of Dew's convictions, resulting in a 31.5 year sentence. *State v. Dew*, 7th Dist. No. 08 MA 62, 2009-Ohio-6537.

{¶3} On December 14, 2009, Dew filed a motion for reconsideration, which we denied on January 21, 2010. He filed a memorandum in support of jurisdiction with the Ohio Supreme Court on January 14, 2010, and the Court denied the appeal on March 10, 2010. *State v. Dew*, 124 Ohio St.3d 1510, 2010-Ohio-799, 922 N.E.2d 972. The United States Supreme Court denied Dew's petition for writ of certiorari on November 15, 2010. *Dew v. Ohio*, __ U.S. __, 131 S.Ct. 594, 178 L.Ed.2d 434 (2010).

{¶4} On March 25, 2011, Dew filed a pro-se motion entitled "Appellant's Request to Extend the Number of Pages for Delayed Application for Reopening Pursuant to Appellate Rule 26(B)," which we denied on April 14, 2011 because 08MA62 was a closed case, thus we were unable to rule on the motion. Dew filed this same motion again on April 29, 2011, and we denied his motion for the same reasons on May 17, 2011.

{¶5} On November 14, 2011, Dew filed the present application pro-se, with four affidavits attached. The State responded on November 17, 2011. Dew filed a pro-se motion for leave to reply to the State's response on November 23, 2011. We denied this motion on November 30, 2011 because App.R. 26(B) does not provide for such a reply.

{¶6} App.R. 26(B) allows a criminal defendant to challenge the constitutional effectiveness of appellate counsel by reopening the appeal. However, the rule provides that an application for reopening must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Dew has failed to meet this deadline. Our opinion in his direct appeal was journalized on December 1, 2009. Dew filed his application for reopening on November 14, 2011, almost two years after the deadline expired. Thus, we can only review the merits of Dew's application if he can establish good cause for his untimely filing. Dew's claims do not constitute good cause.

{¶7} Dew contends that because he is incarcerated, he lacked the ability to gather evidence and affidavits to support his motion. He claims that he was forced to rely on outside sources to obtain this evidence, which caused delays in filing.

{¶8} As argued by the state, Dew's incarceration alone cannot establish good cause, and his arguments would apply to all offenders incarcerated after their convictions. If the sole fact that an offender is incarcerated constitutes good cause, this would render the time limit for filing in App.R. 26(B) meaningless. As the Ohio Supreme Court instructed:

> Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved. *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7.

{¶9} Furthermore, although Dew contends that he encountered "unavoidable delays" in completing this application, he has failed to present any affidavits explaining why it took him almost two years to file. App.R. 26(B)(2)(e); *State v. Styblo*, 7th Dist. No. 07 BE 18, 2011-Ohio-2000, ¶ 4. Instead, Dew's affidavits rehash prior legal arguments or are attempts to introduce new evidence after both a trial and direct appeal on the merits have already taken place.

{¶10} Because Dew failed to establish good cause for the delay in filing for reopening his appeal, his application for reopening is denied.

DeGenaro, J., concurs.

Waite, P.J., concurs.

Vukovich, P., concurs.