[Cite as *State v. McClendon*, 2012-Ohio-1410.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 11 MA 15 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| FARREN McCLENDON, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Common Pleas
Court, Case No. 10 CR 1049.

JUDGMENT:        Affirmed.

APPEARANCES:
For Plaintiff-Appellee:        Attorney Paul J. Gains
Prosecuting Attorney
Attorney Ralph M. Rivera
Assistant Prosecuting Attorney
21 W. Boardman St., 6th Floor
Youngstown, OH  44503

For Defendant-Appellant:        Attorney Kevin J. Trapp
154 Youngstown-Hubbard Rd.
Suite D
Hubbard, OH  44425

JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich

Dated:  March 22, 2012

DeGenaro, J.

{¶1} Defendant-Appellant, Farren McClendon, appeals the January 7, 2011 judgment of the Mahoning County Court of Common Pleas, convicting him of one count of cocaine trafficking, one count of crack cocaine trafficking, and sentencing him to six years in prison. McClendon contends that the trial court abused its discretion by imposing a disproportionate sentence in violation of R.C. 2929.11(B), and that trial counsel was ineffective for failing to object to the imposition of consecutive sentences at the sentencing hearing. McClendon's arguments are meritless. The trial court did not abuse its discretion in sentencing McClendon; there was insufficient evidence in the record to support his disproportionality argument. And trial counsel provided constitutionally effective representation. Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶2} This appeal arises out of two cases that were joined for trial. In Mahoning County Case No. 10-CR-730, McClendon was indicted on July 15, 2010 on one count of cocaine trafficking (R.C. 2925.03(A)(1)(C)(4)(d)), a third-degree felony; and one count of crack cocaine trafficking (R.C. 2925.03(A)(1)(C)(4)(f)), a first-degree felony, stemming from two undercover drug transactions conducted by the Mahoning Valley Law Enforcement Task Force. In Case No10-CR-1049 the grand jury issued a separate indictment on September 16, 2010 charging McClendon with one count of possession of heroin (R.C. 2925.11(A)(C)(6)(c)), a third-degree felony; and one count of cocaine trafficking committed in the vicinity of a juvenile (R.C. 2925.03(A)(1)(C)(4))d)), a second-degree felony. This indictment stemmed from officers finding approximately 7.9 grams of heroin on McClendon during a search incident to an arrest of McClendon on July 22, 2010. McClendon was released from jail on his own recognizance, and subsequently sold cocaine to a confidential informant working with the task force.

{¶3} After lengthy negotiations, McClendon entered into a plea agreement with the State in both cases. McClendon agreed to plead guilty to both charges in Case No. 10-CR-730 (cocaine trafficking and crack cocaine trafficking); and to plead guilty to the heroin possession charge in Case No. 10-CR-1049. The State agreed to dismiss the cocaine trafficking in the vicinity of a juvenile charge in Case No. 10-CR-1049, and to

recommend three-year concurrent sentences for each of the trafficking charges in 10-CR-730, to be served consecutive to three years for the possession charge in 10-CR-1049, for an aggregate prison term of six years. This was not a mutually agreed-upon sentencing recommendation since the defense reserved the right to advocate that all three sentences should run concurrently.

**{¶4}** During the December 13, 2010 plea hearing, the trial court engaged in a lengthy colloquy with McClendon, specifically stating that the ultimate sentencing decision falls within the province of the court:

> THE COURT: * * * The best you can hope for is concurrent time, is my understanding of the deal; that the state's recommending six years total, three on the one case to run concurrent with one another, three on the other case to run consecutive for a total of six years. Your lawyer and you wish to argue that the three and three concurrent in the one case also runs concurrent to the three in the other case. I have agreed with the lawyers that I would not exceed the six year sentence. So the issue is simply either it will be six years or three years. Do you understand that --
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: -- to be the deal?
> THE DEFENDANT: Yes, Your Honor.

**{¶5}** The trial court accepted McClendon's plea as knowing, voluntary and intelligent. McClendon did not request a PSI. Defense counsel submitted a sentencing memorandum, in which he advocated for concurrent sentences.

**{¶6}** During the sentencing hearing, the State argued that sentences for the two cases should run consecutively for a total of six years. The State noted that McClendon had an extensive criminal history, including weapons and drug convictions. Given that history, the State argued that McClendon's likelihood of recidivism is higher than other individuals who appear before the court. The State also asserted that the amount of drugs being trafficked coupled with the fact that there were "juveniles who were aware of

what was going on," made the crimes more serious. Finally, the State argued that running sentences for the two cases concurrently would demean the seriousness of the offenses.

{¶7} The defense argued for concurrent sentences. Mr. Blake, a director at Youngstown State University, made a statement vouching for McClendon's good character and urged the court for sentencing leniency. Defense counsel then spoke, noting McClendon's military history and dedication to his children, and then arguing:

> Recently there have been a couple cases in this courthouse where people with felony one and felony two drug convictions have gotten three-year sentences, and in some cases less. There was recently a case upstairs in Judge D'Apolito's court where over a hundred counts of felony fours and felony fives were dismissed against an individual in order to secure a plea and a resolution of a case.

{¶8} Counsel did not provide any more detail or evidence about these other cases and defendants. The trial court then addressed McClendon directly and asked if he wished to make a statement, which he did. The court opened and discussed a letter it had received from McClendon in which McClendon acknowledged his drug problem and requested treatment. The court also noted that it had received a letter of support from McClendon's fiancé.

{¶9} In a January 7, 2011 judgment entry, the trial court sentenced McClendon to three-year sentences for each of the trafficking charges in 10-CR-730 to run concurrent with each other, but consecutive to three years for the possession charge in 10-CR-1049, for an aggregate prison term of six years. McClendon filed a pro se motion to withdraw his guilty plea, which the trial court overruled, and was not appealed.

## Sentencing

{¶10} In his first of two assignments of error, McClendon asserts:

{¶11} "The trial court abused its discretion by imposing a disproportionate sentence in violation of 2929.11(B)."

**{¶12}** When reviewing a felony sentence, an appellate court first reviews the sentence to ensure that the sentencing court clearly and convincingly complied with the applicable laws. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶4. A trial court's sentence would be contrary to law if, for example, it were outside the statutory range, in contravention to a statute, or decided pursuant to an unconstitutional statute. *Id.* at ¶15. If this inquiry is satisfied, an appellate court then reviews the trial court's sentencing decision for abuse of discretion. *Kalish* at ¶17, 19-20. An abuse of discretion means more than an error of law or judgment; but rather implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶13}** First, the sentence is not clearly and convincingly contrary to law. The six-year sentence McClendon received was within the statutory range for one first-degree felony offense and two third-degree felony offenses; the trial court could have sentenced McClendon from 3 to 20 years in prison. Former R.C. 2929.14(A)(1) and (3). In addition, the trial court stated during the sentencing hearing and in its sentencing entry that it had considered the principles and factors contained in R.C. 2929.11 and 2929.12. Further, McClendon was afforded his allocution rights pursuant to Crim.R. 32(A)(1), when the court personally addressed him and asked him if he had anything to say for himself. The court properly notified McClendon about post-release control and the ramifications of violating post-release control, both during the sentencing hearing and in the sentencing entry.

**{¶14}** Second, the sentencing decision was not an abuse of discretion. The crux of McClendon's argument is that the trial court abused its discretion by imposing a sentence that was disproportionate to that received by other similar offenders and that the trial court thus violated R.C. 2929.11(B) by failing to impose a sentence that was "consistent with sentences imposed for similar crimes committed by similar offenders."

**{¶15}** However, as the Second District recently explained:

" ' * * * [T]rial courts are limited in their ability to address the consistency

mandate, and appellate courts are hampered in their review of this issue, by the lack of a reliable body of data upon which they can rely.' " *State v. York*, Champaign App. No.2009–CA–03, 2009-Ohio-6263, ¶13 (internal citations omitted). " '[A]lthough a defendant cannot be expected to produce his or her own database to demonstrate the alleged inconsistency, the issue must at least be raised in the trial court and some evidence, however minimal, must be presented to the trial court to provide a starting point for analysis and to preserve the issue for appeal.' " Id. *State v. Miller*, 2d Dist. No. 09-CA-28, 2010-Ohio-2138, ¶51.

{¶16} Although McClendon raised disproportionality during sentencing, he proffered no evidence about the other cases into the record, either during the sentencing hearing or in the sentencing brief. It is impossible to tell whether these other defendants were similarly situated so as to make a comparison with McClendon a fair one. Thus, McClendon's argument regarding disproportionate sentences is meritless.

{¶17} The six-year sentence is reasonable based on the totality of the circumstances. There were factors making the crimes more serious, namely the amount of drugs being trafficked, and that juveniles were aware of at least one of the drug transactions. R.C. 2929.12(B). Further, the court reasonably determined that the recidivism factors contained in R.C. 2929.12(D) demonstrate a high likelihood of recidivism; McClendon had a criminal history that included prior drug and weapons convictions, and McClendon committed additional crimes while out on bond. The trial court's sentencing decision in this case is not unreasonable, arbitrary or unconscionable. Accordingly, McClendon's first assignment of error is meritless.

### Ineffective Assistance of Counsel

{¶18} In his second and final assignment of error, McClendon asserts:

{¶19} "Defense Counsel's failure to object to the imposition of consecutive sentences at sentencing deprived Mr. McClendon of his right to effective assistance of counsel in Violation of U.s. Const., Amend. Vi and XIV; Ohio Const., art. I, §§1, 10 and

16."

**{¶20}** To establish ineffective assistance of counsel a criminal defendant must prove two elements; first, that counsel's performance has fallen below an objective standard of reasonable representation, and second, that he was prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. Prejudice under *Strickland* requires a defendant to prove that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland* at 694; *Bradley* at paragraph three of the syllabus. And the defendant bears the burden of proof of counsel's ineffectiveness. *State v. Calhoun,* 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999).

**{¶21}** In Ohio, a licensed attorney is presumed competent. *Id.* Thus, a reviewing court must be "highly deferential" to trial counsel and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689.

**{¶22}** Trial counsel's performance did not fall below an objective standard of reasonable representation. During McClendon's sentencing hearing and in the sentencing memorandum, defense counsel clearly advocated for an aggregate term of three years, which would require the sentences to run concurrently. There was not much more that defense counsel could have done to oppose or object to consecutive sentences during sentencing.

**{¶23}** Nonetheless, McClendon seems to implicitly argue that trial counsel should have lodged a more specific objection regarding the trial court's failure to make findings before imposing the consecutive sentences—he argues that counsel's failure to object has somehow precluded him from making some "future" claim relating to the "recent upheaval in the law regarding the Ohio Supreme Court's decision in *State v. Foster* and the United State's Supreme Court's decision in *Oregon v. Ice.*" However, this argument is meritless because the interplay between those two cases has now been settled by the Ohio Supreme Court in *State v. Hodge,* 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d

768, and courts are not required to make such findings:

> The jury-trial guarantee of the Sixth Amendment to the United States Constitution does not preclude states from requiring trial court judges to engage in judicial fact-finding prior to imposing consecutive sentences. (*Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, construed.)
>
> The United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
>
> Trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made. *Hodge* at paragraphs one, two and three of the syllabus.

**{¶24}** Accordingly, for all of these reasons, McClendon's second assignment of error is meritless. Moreover, the trial court did not abuse its discretion in sentencing McClendon. Accordingly, the judgment of the trial court is affirmed.

Waite, P.J., concurs.

Vukovich, J., concurs.