[Cite as *State v. Bradley*, 2013-Ohio-2152.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 11 CO 26 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| GREGORY L. BRADLEY, Jr., | ) | JUDGMENT ENTRY |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Application for Reopening
                               Criminal Appeal from Common Pleas
                               Court, Case No. 09 CR 291.

JUDGMENT:                      Application Denied.


APPEARANCES:
For Plaintiff-Appellee:        Attorney Robert L. Herron
                               Prosecuting Attorney
                               Attorney John Gamble
                               Asst. Prosecuting Attorney
                               105 S. Market Street
                               Lisbon, OH  44432

For Defendant-Appellant:       Gregory L. Bradley, Jr., Pro-se
                               #604-551
                               Richland Correctional Institution
                               P.O. Box 8107
                               Mansfield, OH  44901



JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich


                               Dated:  March 28, 2013

PER CURIAM:

{¶1} Appellant Gregory Lewis Bradley, Jr., acting pro se, has filed an application to reopen his direct appeal based upon a claim of ineffective assistance of appellate counsel. However, Bradley's application is untimely, and he has failed to demonstrate good cause. Accordingly, his application to reopen his appeal is denied.

{¶2} On August 23, 2011, Bradley was convicted of three counts of drug trafficking in the vicinity of a juvenile and two counts of drug possession with forfeiture specifications and sentenced to an aggregate term of nine years in prison, following a jury trial in the Columbiana County Court of Common Pleas.

{¶3} On December 5, 2012, this court affirmed Bradley's conviction, but vacated his sentence and remanded for resentencing for the trial court to properly impose post-release control in accordance with R.C. 2929.191. *State v. Bradley*, 7th Dist. No. 11 CO 26, 2012-Ohio-5880, ¶35. Bradley has not pursued further appeal with the Ohio Supreme Court. On remand to the trial court, Bradley was resentenced on February 11, 2013.

{¶4} On March 11, 2013, Bradley filed the present application. He attached his own affidavit, in which he averred: (1) that he believed his appeal should be reopened due to appellate counsel's ineffectiveness; (2) that he believed counsel's performance prejudiced him; and (3) that he believed counsel should have raised several additional assignments of error. Bradley elaborated on those assignments of error in the body of his application.

{¶5} App.R. 26(B) allows a criminal defendant to challenge the constitutional effectiveness of appellate counsel by reopening the appeal. However, the rule provides that an application for reopening must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time."

{¶6} Bradley has failed to meet this deadline. Our opinion in his direct appeal was journalized on December 5, 2012. Bradley filed his application for reopening on March 11, 2013, 96 days later. Thus, we can only review the merits of Bradley's application if he can establish good cause for his untimely filing. *See, e.g., State v. Dew*, 7th Dist. No. 08 MA 62, 2012-Ohio-434, ¶6.

**{¶7}** Bradley failed to provide *any* reason for his untimeliness in the affidavit he attached to his application. As this court has previously explained:

> Appellant, like every other criminal defendant, was required to file his application for reopening within 90 days of the journalization of our judgment entry. "Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved."

*State v. Styblo*, 7th Dist. No. 07 BE 18, 2011-Ohio-2000, ¶7, quoting *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶7.

**{¶8}** Because Bradley has failed to establish, or even allege, good cause for his untimely filing, his application for reopening is denied.

DeGenaro, P.J., concurs.
Vukovich, J., concurs.
Waite, J., concurs.