[Cite as *State v. McClendon*, 2013-Ohio-5172.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 11 MA 15 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| FARREN McCLENDON, | ) | JUDGMENT ENTRY |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Application for Reopening.


JUDGMENT:     Application Denied.


APPEARANCES:
For Plaintiff-Appellee:     Attorney Paul J. Gains
Prosecuting Attorney
Attorney Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, OH 44503


For Defendant-Appellant:     Farren McClendon, Pro-se
#594-810
Lake Erie Correctional Institution
501 Thompson Road
P.O. Box 8000
Conneaut, OH  44030-8000


JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite


Dated: October 29, 2013

PER CURIAM.

{¶1} Appellant Farren McClendon, acting pro-se, has filed an application to reopen his direct appeal based upon a claim of ineffective assistance of appellate counsel. However, McClendon's application is untimely, and he has failed to demonstrate good cause. Accordingly, his application to reopen his appeal is denied.

{¶2} On January 7, 2011, after entering into a Crim.R. 11 guilty plea agreement involving charges in two separate cases, McClendon was convicted of one count of cocaine trafficking, one count of crack cocaine trafficking and one count of heroin possession. The two trafficking charges stemmed "from two undercover drug transactions conducted by the Mahoning Valley Law Enforcement Task Force." *State v. McClendon*, 7th Dist. No. 11 MA 15, 2012-Ohio-1410, ¶2. The possession charge stemmed from a later search incident to the arrest of McClendon. *Id*. The trial court sentenced McClendon to an aggregate prison term of six years: three-year sentences for each of the trafficking convictions to run concurrent with each other, but consecutive to three years for the possession conviction. McClendon filed a pro-se motion to withdraw his guilty plea, which the trial court overruled, and was not appealed.

{¶3} On March 22, 2012, this court affirmed the judgment of the trial court on direct appeal of McClendon's conviction and sentence. *McClendon, supra*.

{¶4} On October 9, 2013, McClendon filed the present application. He attached his own affidavit, in which he averred: (1) he reviewed the record and he believed appellate counsel's performance was deficient; (2) appellate counsel failed to argue on direct appeal that the trial court committed plain error by convicting him and sentencing him to both drug trafficking and drug possession, which he believed are allied offenses of similar import, and (3) he was prejudiced by counsel's failure to raise this argument on appeal.

{¶5} App.R. 26(B) allows a criminal defendant to challenge the constitutional effectiveness of appellate counsel by reopening the appeal. However, the rule provides that an application for reopening must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time."

{¶6} McClendon has failed to meet this deadline. Our opinion in his direct appeal

was journalized on March 22, 2012. McClendon filed his application for reopening on October 9, 2013, over 18 months later. Thus, we can only review the merits of McClendon 's application if he can establish good cause for his untimely filing. *See, e.g., State v. Dew*, 7th Dist. No. 08 MA 62, 2012-Ohio-434, ¶6; *State v. Bradley*, 7th Dist. 11 CO 26, 2013-Ohio-2152, ¶6.

**{¶7}** McClendon failed to provide any reason for his untimeliness in the affidavit he attached to his application. As this court has previously explained:

> Appellant, like every other criminal defendant, was required to file his application for reopening within 90 days of the journalization of our judgment entry. "Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved."

*State v. Styblo*, 7th Dist. No. 07 BE 18, 2011-Ohio-2000, ¶7, quoting *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶7.

**{¶8}** Because McClendon has failed to establish, or even allege, good cause for his untimely filing, his application for reopening is denied.

DeGenaro, P.J., concurs.

Vukovich, J., concurs.

Waite, J., concurs.