[Cite as *State v. Calloway*, 2013-Ohio-5880.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 10 MA 147 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| NICHOLAS A. CALLOWAY, | ) | JUDGMENT ENTRY |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Application for Reopening.


JUDGMENT:     Application Denied.


APPEARANCES:
For Plaintiff-Appellee:     Attorney Paul J. Gains
                            Prosecuting Attorney
                            Attorney Ralph M. Rivera
                            Assistant Prosecuting Attorney
                            21 West Boardman Street, 6th Floor
                            Youngstown, OH 44503


For Defendant-Appellant:     Nicholas A. Calloway, Pro-se
                             #591-293
                             Lake Erie Correctional Institution
                             501 Thompson Road
                             P.O. Box 8000
                             Conneaut, OH  44030-8000


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: December 20, 2013

PER CURIAM.

{¶1}   On November 25, 2013, Appellant Nicholas Calloway, acting pro se, filed an application for delayed reopening of his appeal based on a claim of ineffective assistance of appellate counsel pursuant to App.R. 26(B).   Because Calloway has failed to demonstrate good cause for the untimeliness of the application, we decline to reopen his appeal.

{¶2}   On January 7, 2010, Calloway was indicted on one count of burglary. Just over a month later, in a separate trial court case number, Calloway was indicted on four counts of burglary and one count of receiving stolen property.  The cases proceeded together in the trial court.  On June 1, 2010, pursuant to a Crim.R. 11(F) plea agreement and following a hearing, Calloway pled guilty to five counts of burglary.  As part of the agreement, the State dismissed the receiving stolen property charge.  At the beginning of the sentencing hearing, on August 6, 2010, Calloway moved to withdraw his guilty plea. The trial court denied the motion, and proceeded to sentence Calloway to a term of two years imprisonment on each of the five burglary counts, to be served consecutively, for an aggregate term of ten years.  (8/11/10 J.E.)

{¶3}   Calloway filed a direct appeal asserting that the State breached its plea agreement with him; that the trial court erred in finding that Calloway breached the plea agreement by making a motion to vacate his plea; and that the trial court erred by denying the plea withdrawal motion.  *See State v. Calloway*, 7th Dist. No. 10 MA 147, 2011-Ohio-4257.  This court affirmed, *id.*, and the Ohio Supreme Court declined jurisdiction.  *State v. Calloway*, 130 Ohio St.3d 1497, 2011-Ohio-6556, 958 N.E.2d 959 (Table).

{¶4}   App.R. 26(B) allows a criminal defendant to challenge the constitutional effectiveness of appellate counsel.  However, the rule provides that an application for reopening must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time."  Calloway has failed to meet this deadline.  Our opinion in his direct appeal was journalized on August 19, 2011.

Calloway filed his application for reopening on November 25, 2013, over two years after the deadline expired. Thus, we can only review the merits of Calloway's application if he can establish good cause for his untimely filing.

{¶5} The body of his application does not specify the reason behind the two-year delay in filing his application. Calloway's affidavit acknowledges the untimeliness and goes on to state that "Appellant had to get the assistance of a legal clerk (inmate) to help him file this delayed 26(B) on behalf of the Appellant."

{¶6} This does not constitute good cause. The fact that Calloway was incarcerated or untrained in the law does not establish good cause. *See State v. Dew*, 7th Dist. No. 08 MA 62, 2012-Ohio-434, ¶8; *State v. Ramirez*, 8th Dist. No. 78364, 2005-Ohio-378, ¶4.

{¶7} Because Calloway has failed to establish good cause for the delay in filing, his application for reopening is denied.

DeGenaro, J., concurs.

Donofrio, J., concurs.

Vukovich, J., concurs.