[Cite as *State v. McClendon*, 2013-Ohio-5881.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 11 MA 15 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| FARREN McCLENDON, | ) | JUDGMENT ENTRY |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:       Application for Reconsideration.


JUDGMENT:       Application Denied.


APPEARANCES:

For Plaintiff-Appellee:       Attorney Paul J. Gains
Prosecuting Attorney
Attorney Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, OH 44503


For Defendant-Appellant:       Farren McClendon, Pro-se
#594-810
Lake Erie Correctional Institution
501 Thompson Road
P.O. Box 8000
Conneaut, OH  44030-8000


JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite


Dated: December 26, 2013

PER CURIAM.

**{¶1}** On November 13, 2013, Appellant Farren McClendon filed a motion asking this court to reconsider its October 29, 2013 denial of his untimely application to reopen his direct appeal, *State v. McClendon*, 7th Dist. No. 11 MA 15, 2013-Ohio-5172. App.R. 26(A)(1)(a) provides that an "[a]pplication for reconsideration of any cause or motion submitted on appeal shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing as required by App. R. 30(A)."

**{¶2}** Here, a docket notation reveals the clerk mailed the parties the judgment on October 30, 2013. Ten days after October 30, 2013 is Saturday, November 9, 2013, and Monday November 11, 2013, was a legal holiday. Thus, per the rule, McClendon should have filed his motion by Tuesday November 12, 2013, in order for it to have been timely. McClendon filed his motion for reconsideration on November 13, 2013—one day late.

**{¶3}** Generally, "an untimely application for reconsideration must be denied. *State v. Hess*, 7th Dist. No. 02 JE 36, 2004-Ohio-1197, ¶4, citing *Martin v. Roeder*, 75 Ohio St.3d 603, 665 N.E.2d 196 (1996). *See also Scott v. Falcon Transport Co.*, 7th Dist. No. 02 CA 145, 2004-Ohio-389, ¶2 (denying reconsideration where request was filed more than ten days after this court's opinion was filed, and noting that insofar as appellees were seeking leave to do so untimely, "the rule does not provide for such an option.")

**{¶4}** Even if we were to look past the untimeliness, McClendon's application for reconsideration must be denied. The standard for reviewing an application for reconsideration pursuant to App.R. 26(A) is whether the application "calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N .E.2d 515 (1987), paragraph one of the syllabus. Similarly, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusion reached and the logic used by an appellate court. App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellant court makes an obvious error or

renders an unsupportable decision under the law." *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (1996).

{¶5} In our October 29, 2013 decision, we denied McClendon's application to reopen his appeal because he failed to establish, or even allege, good cause. *McClendon* at ¶8. In the present motion for reconsideration, he attempts to correct the deficiency in his application for reopening by *now* alleging good cause. This is not a proper basis for reconsideration. McClendon's failure to establish good cause was a sufficient basis to deny his application to reopen his appeal. *See State v. Thompson*, 7th Dist. No. 97-JE-40, 2003-Ohio-1607. We find no error in our decision to decline to address the merits of whether McClendon established ineffective assistance of appellate counsel.

{¶6} Because McClendon's motion for reconsideration was untimely and because he has not demonstrated that we failed to address any issues or committed any obvious errors when issuing our decision in this case, his application for reconsideration is denied.

DeGenaro, P.J., concurs.

Vukovich, J., concurs.

Waite, J., concurs.